✓ FILED        ___ ENTERED
____ LOGGED  _____ RECEIVED

12:36 pm, Feb 02 2023

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____Deputy

**THE LAW OFFICE OF DAVID WALSH-LITTLE, LLC.**
1014 WEST 36TH STREET
BALTIMORE, MARYLAND 21211
TEL: 410.205.9337
FAX: 1.667.401.2414
EMAIL: DAVID@WALSHLITTLELAW.COM

VIA EMAIL

January 19, 2023

The Honorable Richard D. Bennett
United States District Court
101 West Lombard Street
Baltimore, Maryland 21201

    RE:    United States v. Summer McCroskey
                 Case # RDB-22-0220

Dear Judge Bennett:

    Ms. McCroskey has agreed to plead guilty to the sixteen counts in the indictment in this matter. The parties have not entered into a plea agreement. The purpose of this letter is to memorialize the factual basis of the plea and assist the Court in the colloquy to qualify Ms. McCroskey to plead guilty.

## Offenses of Conviction

    Ms. McCroskey has agreed to plead guilty to Conspiracy to Commit Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251(e) (Count One), Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251(a) (Counts Two, Three, Five, Seven, Eight, Nine, and Ten), Distribution of Child Pornography in violation 18 U.S.C. § 2252(a) (Counts Eleven, Twelve, Thirteen, Fifteen, and Seventeen), and Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Counts Nineteen, Twenty, and Twenty One). The Defendant admits that she in fact guilty of the offenses and will so advise the Court.

## Elements and Penalties of the Offense for Conspiracy to Commit Sexual Exploitation of a Child

    The elements of the offense for which Ms. McCroskey has agreed to plead guilty, and which the Government would prove if the case went to trial are as follows:

    Two or more persons agreed to commit the offense of Sexual Exploitation of a Child. Ms. McCroskey knew of the conspiracy and voluntarily participated in it. Specifically, Ms. McCroskey agreed with another person to use, entice, and or coerce a minor child to engage in sexually explicit conduct for the purpose of producing visual

1

depictions of such conduct.

Ms. McCroskey further agrees that any visual depictions produced would be using materials that were mailed, shipped, and transported, in interstate or foreign commerce.

The maximum sentence provided by statute for this offense is thirty years of incarceration with a mandatory minimum sentence of fifteen years of incarceration. The maximum term of supervised release is life and the maximum amount for a fine is $250,000.

### Elements and Penalties for the Offenses of Sexual Exploitation of a Child

The elements of the offense for which Ms. McCroskey has agreed to plead guilty, and which the Government would prove if the case went to trial are as follows:

Ms. McCroskey knowingly employed, induced, used, enticed, or coerced, a minor to engage in sexually explicit conduct.
Visual depictions of the sexually explicit conduct were produced.
Ms. McCroskey had reason to know that the visual depiction would be transported in interstate commerce, said visual depiction was transported in interstate or foreign commerce, or the materials used to produce the visual depiction were transported in interstate commerce,

The maximum sentence provided by statute for this offense is thirty years of incarceration with a mandatory minimum sentence of fifteen years of incarceration. The maximum term of supervised release is life and the maximum amount for a fine is $250,000.

### Elements and Penalties for the Offenses of Distribution of Child Pornography

The elements of the offense for which Ms. McCroskey has agreed to plead guilty, and which the Government would prove if the case went to trial are as follows:

Ms. McCroskey knowingly distributed a visual depiction using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which contained materials which had been mailed or shipped or transported in or affecting interstate or foreign commerce by any means including by computer.
The visual depiction involved the use of a minor engaging in sexually explicit conduct and she knew that the visual depiction was of such sexually explicit conduct.

The maximum sentence provided by statute for this offense is twenty years of incarceration with a mandatory minimum sentence of five years of incarceration. The maximum term of supervised release is life and the maximum amount for a fine is $250,000.

### Elements and Penalties for the Offenses of Possession of Child Pornography

The elements of the offense for which Ms. McCroskey has agreed to plead guilty, and which the Government would prove if the case went to trial are as follows:

Ms. McCroskey possessed and knowingly accessed with the intent to view material that contained an image of child pornography as defined in the United States Code. The material had been mailed, shipped or transported using any means of interstate or foreign commerce and in and affecting interstate or foreign commerce.

The maximum sentence provided by statute for this offense is twenty years of incarceration. The maximum term of supervised release is life and the maximum amount for a fine is $250,000.

## Additional Penalties

Ms. McCroskey understands that, pursuant to 18 U.S.C. § 3013, the Court must order the Defendant to pay a special assessment fee of $100.00 per count. The Court may order additional special assessment fees for certain convictions pursuant to 18 U.S.C. § 3014 ($5,000) and 2259A ($5,000) (not more than $17,000 on any person convicted, of an offense under section 2252A(a)(5); not more than $35,000 on any person convicted of any other offense for trafficking in child pornography; and not more than $50,000 on any person convicted of a child pornography production offense).

Ms. McCroskey understands that if she serves a term of imprisonment, and is then released on supervised release, and then violates the conditions of supervised release, her supervised release could be revoked- even on the last day of the term of supervised release- and Ms. McCroskey could be returned to custody to serve another period of incarceration and a new term of supervised release.

If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise pursuant to 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgement equal to the value of the property subject to forfeiture.

## Sex Offender Registration

The Defendant will be required to register as a sex offender in the place where the Defendant resides, is an employee, and is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA) and the laws of the state of the Defendant's residence. Failure to do so may subject the Defendant to new charges pursuant to 18 U.S.C. § 2250.

## Waiver of Rights

Ms. McCroskey understands that by pleading guilty, she surrenders certain rights as outlined below:

a. If Ms. McCroskey had persisted in her plea of not guilty, she would have the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if Ms. McCroskey, the Government, and the Court all agreed.

b. If Ms. McCroskey elected a jury trial, the jury would be composed of twelve people selected from the community. Undersigned counsel and Ms. McCroskey would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before Ms. McCroskey could be found guilty of any count. The Court would instruct the jury that Ms. McCroskey would be presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c. If Ms. McCroskey went to trial, the Government would have the burden of proving Ms. McCroskey guilty beyond a reasonable doubt. Ms. McCroskey would have the right to confront and cross-examine the Government's witnesses. Ms. McCroskey would not have to present any witnesses or defense. If Ms. McCroskey wanted to call witnesses in her own defense, she would have the subpoena power of the Court to compel witnesses to attend.

d. Ms. McCroskey would have the right to testify in her own defense if she so chose. If she chose not to testify, the Court could instruct the jury that it could not draw any adverse inference from her decision not to testify.

e. If Ms. McCroskey was found guilty after a trial, she would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against her.

f. By pleading guilty, Ms. McCroskey will be giving up all these rights, except her right to appeal the sentence. By pleading guilty, Ms. McCroskey understands that she may have to answer the Court's questions both about the rights she is giving up, and about the facts of her case. Any statements Ms. McCroskey makes during such a hearing would not be admissible against her during a trial except in a criminal proceeding for perjury or false statement.

g. If the Court accepts the Defendant's guilty plea, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including

possible denaturalization. The Defendant recognizes that if the Defendant is not a United States citizen, pleading guilty may have consequences related to her immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

### Factual Statement

Between January 2020 through October 2021, Summer McCroskey sexually exploited a prepubescent female, Jane Doe, and produced video image files of the exploitation. At all relevant times, Jane Doe was under the care, custody, and supervision of Summer McCroskey. On or about January 21, 2020, Summer McCroskey produced images of Jane Doe's genitals, when Jane Doe was approximately 3 months old. On or about February 27, 2020, Ms. McCroskey sexually abused Jane Doe when she was approximately 4 months old and recorded the abuse. On or about March 13, 2020, Ms. McCroskey sexually abused Jane Doe, then approximately 5 months old, and recorded the abuse. On or about March 2020, Ms. McCroskey sexually abused Jane Doe, the approximately five months old, and recorded the abuse.

Additionally, on or about October 13, 2021, Ms. McCroskey sexually abused Jane Doe, then approximately 2 years old, and recorded the abuse. On or about October 20, 2021, Ms. McCroskey sexually abused Jane Doe, then approximately 2 years old, and recorded the abuse. On or about October 25, 2021, Ms. McCroskey, sexually abused Jane Doe, then approximately 2 years old and recorded the abuse. From February 2020 through October 2021, Ms. McCroskey distributed files depicting Jane Doe to other people using internet based social media platforms.

### Advisory Sentencing Guidelines Apply

Ms. McCroskey understands that a sentencing guidelines range for this case (hereinafter the "advisory guidelines range") will be determined by the Court. Ms. McCroskey further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guideline range in imposing an appropriate sentence. The Defendant contends that the following guidelines apply:

Group One: Sexual Exploitation of Jane Doe (Count 2):

a. The base offense level for sexual exploitation of a child is 32, pursuant to U.S.S.G. § 2G2.1(a).

b. Pursuant to U.S.S.G. § 2G2.1(b)(1)(B) there is a four level increase because the victim was under twelve years old at the time of the offense.

c. Pursuant to U.S.S.G. § 2G2.1(b)(4), there is a four level increase because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence or an infant or toddler.

d. Pursuant to U.S.S.G. § 2G2.1(b)(5), there is a two level increase because the minor

was in the care and custody of the Defendant. (Group Total 42).

Groups Two - Five: Sexual Exploitation of Jane Doe (Counts 3, 5, 7, and 8)

a. The base offense for sexual exploitation of a child is 32, pursuant to U.S.S.G. § 2G2.1(a).

b. Pursuant to U.S.S.G. § 2G2.1(b)(1)(B) there is a four level increase because the victim was under twelve years old at the time of the offense.

c. Pursuant to U.S.S.G. § 2G2.1(b)(2)(A) there is a two level increase because the offense involved the commission of a sexual act or sexual contact.

d. Pursuant to U.S.S.G. § 2G2.1(b)(3), there is a two level increase because the defendant knowingly engaged in distribution.

e. Pursuant to U.S.S.G. § 2G2.1(b)(4), there is a four level increase because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence or an infant or toddler.

f. Pursuant to U.S.S.G. § 2G2.1(b)(5), there is a there is a two level increase because the minor was in the care and custody of the Defendant.   (Group Total 46)

Groups Six and Seven: Sexual Exploitation Jane Doe (Counts 9 and 10)

a. The base offense level for sexual exploitation of a child is 32, pursuant to U.S.S.G. § 2G2.1(a).

b. Pursuant to U.S.S.G. § 2G2.1(b)(1)(B) there is a four level increase because the victim was under twelve years old at the time of the offense.

c. Pursuant to U.S.S.G. § 2G2.1(b)(2)(B) there is a four level increase because the offense involved the commission of a sexual act by using force against a minor.

d. Pursuant to U.S.S.G. § 2G2.1(b)(4), there is a four level increase because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence or an infant or toddler.

e. Pursuant to U.S.S.G. § 2G2.1(b)(5), there is a there is a two level increase because the minor was in the care and custody of the Defendant.   (Group Total 46)

Group Eight: Distribution of Minors Engaged in Sexually Explicit Conduct (Counts 11, 12, 13, 15, and 17)

a. The base offense level for sexual exploitation of a child is 22, pursuant to U.S.S.G. §

2G2.2(a)(2).

b. Pursuant to U.S.S.G. § 2G2.2(b)(2) there is a two level increase because the depictions involved prepubescent minors or minors under the age of twelve years old.

c. Pursuant to U.S.S.G. § 2G2.2(b)(3)(F), there is a two level increase because the offense involved distribution.

d. Pursuant to U.S.S.G. § 2G2.2(b)(4) there is a four level increase because the offense involved material that portrays sadistic or masochistic conduct.

e. Pursuant to U.S.S.G. § 2G2.2(b)(5) there is a five level increase because the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor.

f. Pursuant to U.S.S.G. § 2G2.2(b)(6) there is a two level increase because the offense involved use of a computer. (Group Total 37)

Grouping

There are seven groups with the highest offense level of 46 (Groups 1, 2, 3, 4, 5, 6, and 7). Thus pursuant to U.S.S.G. §§ 3D1.4, five levels are added to the highest offense total (Subtotal of 51).

Chapter Four Enhancement

Pursuant to U.S.S.G. §§ 4B1.5(b) there is a five level increase because the instant offense of conviction is a covered sex crime and the defendant engaged in a pattern of activity involving prohibited sexual conduct. (Subtotal of 56).

Acceptance of Responsibility

Summer McCroskey expects to receive a three level reduction in the offense level for early acceptance of responsibility. (Total of 53)

There is no agreement to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level.

I, Summer McCroskey, have carefully reviewed the contents of this letter with my attorney. I understand it. I voluntarily agree to it, and I do not wish to change any part of it. I am satisfied with the representation of my attorney.

1-18-23
Date

*Summer McCroskey*
Summer McCroskey

I have carefully reviewed the contents of this letter with Ms. McCroskey. She has advised me that she understands and willingly pleads guilty. To my knowledge, her decision is informed and voluntary.

01/18/2023
Date

David Walsh-Little

cc:   AUSA Paul Budlow (via email)
      AUSA Colleen McGuinn (via email)