IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) | Criminal No. RDB-22-00220-002 |
| LAWRENCE COLBY IV | ) ) ) ) | |

## DEFENSE REPLY TO GOVERNMENT'S SENTENCING MEMORANDUM
### (FILED UNDER SEAL)

Mr. Lawrence Colby, through counsel, submits this brief reply to the Government's Sentencing Memorandum (hereinafter, Gov. Mem.). The operative question before the Court is: Under the totality of the § 3553(a) factors, should Mr. Colby be sentenced to die in prison? The Government's filing demonstrates why the answer is no, and that Mr. Colby should instead be sentenced to 40 years' imprisonment.

**I.  The Government Concedes That Summer McCroskey Is More Culpable Than Lawrence Colby. The Only Way To Meaningfully Effectuate The Difference Between Defendants Is To Give Mr. Colby A Non-Life Sentence Of 40 Years.**

The Government's charging decision, its arguments at co-defendant Summer McCroskey's sentencing, and its sentencing memorandum all make a pivotal point for Mr. Colby's sentencing: He merits a lower sentence than his co-defendant. *First*, the Government's weighing of the different relative culpabilities between the two defendants is clear in its decision to charge Ms. McCroskey as the *lead* defendant in the indictment. *Second*, in its filing (and like its presentation at Ms. McCroskey's sentencing), the Government itself cites numerous text message exchanges between Ms. McCroskey and Mr. Colby that highlight *her* repeated initiation and escalation of the abuse and Mr. Colby's acting to please her. *Third*, in choosing not to rebut the Defense's point

1

that Ms. McCroskey has a history of encouraging sadistic abusive behavior *before* meeting Mr. Colby, the Government concedes the point, confirming yet again that she is the more culpable defendant. *Fourth*, the Government is asking for Mr. Colby to be sentenced to **170** years, a sentence that is **60 years** lower than their ask for Ms. McCroskey (**230** years).

Despite the Government's concessions that Mr. Colby warrants a lower sentence, the Government nevertheless asks for a sentence that is *no different* from Ms. McCroskey's. 170 years is the practical equivalent of a 230 year sentence—that is, both are life-equivalent sentences. Accounting for the admitted disparity between defendants requires sentencing Mr. Colby to a term that provides a meaningful chance of release. The Defense's requested sentence of 40 years does just that.

## II. The Government's Deterrence Arguments Demonstrate Why Forty Years Is Sufficient.

### A. Mr. Colby has no history of offending behavior before meeting Ms. McCroskey and has demonstrated that he is capable of self-deterrence.

The Government's memorandum does not dispute that there is zero evidence of Mr. Colby engaging in illicit behavior towards children *before* meeting Summer McCroskey. The history of non-offending behavior prior to the relationship underscores the Defense's point that this offense was situational to and driven by his attachment to Ms. McCroskey and undermines the Government's claim that he has an "undeniable sexual attraction to children." Gov. Mem. 23.

Within the relationship that induced Mr. Colby to commit horrible abuse, the Government's submission makes clear that Mr. Colby communicated and then argued with Ms. McCroskey about stopping the abuse of Charlotte, and that he stopped physically abusing Charlotte before law enforcement intervention. Gov. Mem. at 13, 23; Gov. Mem. Ex. 5 at 142. The Government attempts to downplay the significance of this point by saying that Mr. Colby

continued to engage in text communication with Ms. McCroskey about abuse. Gov. Mem. at 23. That argument is unpersuasive. There is zero evidence that Charlotte was abused after Mr. Colby put an end to it, which was done on his own volition and months before his arrest. This fact, along with the fact that Mr. Colby never abused another child before meeting Ms. McCroskey (a point the Government does not dispute) is crucial for analyzing the need for individual deterrence and incapacitation. Mr. Colby should be punished for horrifically abusing his daughter with a sentence of 40 years, but unlike Ms. McCroskey (who is a recidivist offender), Mr. Colby does not need to be imprisoned for life.

    **B. A sentence of 40 years has the same deterrence effect as 170 years.**

The Government states that that the sentence "must send a loud message" and "reflect the horrific nature" of the conduct. Gov. Mem. at 25. The Defense agrees. But what meaningful difference to the public and "others like the defendant" does the term of 170 years achieve that 40 years does not? This is particularly so in light of the many existing lengthy sentences cited by the Government, unfortunately following which this type of horrific conduct has continued in the community. *Id.* at 26; Ex. 7. The notion that someone will decide to sexually abuse a child because Mr. Colby received a sentence of 40 years as opposed to a life-equivalent defies human logic. The Defense's requested sentence sends an unequivocal harsh deterrence message to the community.

**III.    The Government's Argument Disregards The Totality Of Mr. Colby's History And The Circumstances Of How He Came To Commit This Offense.**

The Defense and Government agree about the horrific nature of this offense and that a significant punishment is warranted. But the § 3553(a) factors require this Court to do more than be disgusted by the nature of the conduct. They also require this Court to critically examine Mr. Colby's entire life's history, his characteristics, and the circumstances of the offense. 18 U.S.C. §

3553(a)(1). Significantly, Congress decided to place all these factors in the first statutory sentencing factor, sending an implied message that these considerations – addressed by the Defense and not the Government – are deserving of equally strong consideration, even where the nature of the offense is as horrific as it is in this case. For all the reasons stated in the Defense's opening sentencing memorandum, Mr. Colby merits the Court's mercy to not die in prison.

Respectfully submitted,

JAMES WYDA
Federal Public Defender

_____/s/_____
SEDIRA S. C. BANAN (#804826)
Assistant Federal Public Defender
Office of the Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
Phone: (410) 962-3962
Fax:    (410) 962-3976
Email:  Sedira_Banan@fd.org